Filed 3/7/24  P. v. Sandovaldelgadillo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081598 |
| v. | (Super.Ct.No. RIF1503243) |
| JAIME SANDOVALDELGADILLO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Appeal dismissed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Jaime Sandovaldelgadillo appeals from an order of the Riverside County Superior Court summarily denying his Penal Code section 1172.6 petition for resentencing.[1]  We will dismiss.

## BACKGROUND[2]

A jury found defendant guilty of first degree attempted murder and found true that he had personally used a knife and personally inflicted great bodily injury.  The trial court sentenced him to seven years to life, plus consecutive terms for personal knife use (one year), infliction of great bodily injury (three years), and a prison prior (one year).[3]  We affirmed the judgment in *Delgadillo I.*, *supra*, E067189.

In August 2022, defendant filed a petition for resentencing pursuant to section 1172.6.  The trial court set a status conference hearing and appointed counsel for defendant.  Counsel submitted briefs, arguing defendant's petition was facially sufficient.

At the hearing, counsel argued defendant did not harbor the requisite malice to support an attempted murder conviction, and then submitted on the briefs he had filed.

---

[1]     Defendant's petition was filed pursuant to section 1170.95.  That provision was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

[2]     Some facts recited in this section are taken from this court's opinion issued in defendant's appeal from the judgment, *People v. Delgadillo* (July 25, 2017, E067189) [nonpub. opn.] (*Delgadillo I.*).  We take judicial notice of that opinion on our own motion.  (Evid. Code, § 452, subd. (d).)

[3]     The sentence for the prison prior was later stricken pursuant to section 1171.1, which declared enhancements for prison priors invalid (excepting only those relating to certain sexually violent offenses).

The trial court stated it had reviewed defendant's briefs and the court's files, including all of the jury instructions and portions of the reporter's trial transcripts. It found the instructions and arguments made during trial "refute what the defendant has said in his petition, which is that he could not have been found guilty under the laws that exist today."[4] Defendant timely noticed this appeal.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 that does not raise any issues. The brief includes a request for this court to exercise its discretion to independently review the record for the reasons articulated in *People v. Griffin* (2022) 85 Cal.App.5th 329, 335-336.

We granted defendant's request for judicial notice of portions of the reporter's trial transcripts and the jury instructions referred to by the trial court at the prima facie hearing on defendant's section 1172.6 petition.

Upon receipt of counsel's opening brief, we advised defendant that, because his appeal is from the denial of a postconviction petition, this court is not required to conduct an independent review of the record, and cited *Delgadillo*, *supra*, 14 Cal.5th 216. We

---

**4**    To prevail on a section 1172.6 petition, persons such as defendant who were convicted of attempted first-degree murder must establish all of the following: (1) that an accusatory pleading was filed against them that allows them to be prosecuted for attempted murder under the natural and probable consequences doctrine; (2) that they were convicted of attempted murder following a trial, or accepted a plea offer in lieu of a trial at which they could have been convicted of attempted murder, and (3) that they could not presently be convicted of attempted murder because of changes to section 188 or 189 made effective January 1, 2019. (§ 1172.6, subd. (a)(1)-(3).)

invited defendant to file any supplemental brief deemed necessary and advised him that failure to do so might result in dismissal of the appeal as abandoned. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.